UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Colin Marvens, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                              *Plaintiff,*

        *- against -*

Mikey Auto Inc., King of Jamaica Auto Inc., Josep Israelashvili, Saman Arasheben (a/k/a "Sammy" Arasheben), and Merham Arasheben (a/k/a "Mikey" Arasheben),

                              *Defendants.*
-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Colin Marvens ("Plaintiff" or "Marvens"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Mikey Auto Inc., King of Jamaica Auto Inc. (together, the "Corporate Defendants"), Josep Israelashvili, Saman Arasheben (a/k/a "Sammy" Arasheben), and Merham Arasheben (a/k/a "Mikey" Arasheben) (collectively, the "Individual Defendants", and together with the Corporate Defendants, the "Defendants") and states as follows

**NATURE OF THE ACTION**

1. Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2. Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum

wages, overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF COLIN MARVENS**

6. Plaintiff Marvens is a resident of Queens, New York.

7. Plaintiff Marvens was employed as a salesperson, office worker, and general worker at Defendants' automobile dealership, known as known as "Mike's Auto / King of Jamaica", located at 187-39 Jamaica Ave., Hollis, NY 11423.

8. Plaintiff Marvens was employed as a non-managerial employee at Mike's Auto / King of Jamaica from on or around October 2016 through and including January 2020.

9. At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

10. At all relevant times, Plaintiff has been a manual worker within the meaning of

NYLL § 191(1)(a).

**DEFENDANT MIKEY AUTO INC.**

11. Upon information and belief, Defendant Mikey Auto Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 187-39 Jamaica Ave., Hollis, NY 11423, and an alternate address at 211-02 Jamaica Ave., Jamaica, NY 11428.

12. At all times relevant to this Complaint, Defendant Mikey Auto Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13. At all times relevant to this Complaint, Defendant Mikey Auto Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14. At all times relevant to this Complaint, Defendant Mikey Auto Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

15. Defendant Mikey Auto Inc. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

16. Defendant Mikey Auto Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in

exchange for Plaintiff's services.

**DEFENDANT KING OF JAMAICA AUTO INC.**

17. Upon information and belief, Defendant King of Jamaica Auto Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 187-39 Jamaica Ave., Hollis, NY 11423, and alternate addresses at 144-23 68th Avenue, Flushing, NY 11367 and at 57 Red Ground Road, Roslyn Heights, NY 11577.

18. At all times relevant to this Complaint, Defendant King of Jamaica Auto Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

19. At all times relevant to this Complaint, Defendant King of Jamaica Auto Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

20. At all times relevant to this Complaint, Defendant King of Jamaica Auto Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

21. Defendant King of Jamaica Auto Inc. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

22. Defendant King of Jamaica Auto Inc. had the power to hire and fire Plaintiff,

control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT JOSEP ISRAELASHVILI**

23. Defendant Josep Israelashvili is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

24. Defendant Josep Israelashvili is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

25. Defendant Josep Israelashvili possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

26. Defendant Josep Israelashvili determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

27. At all times relevant to this Complaint, Defendant Josep Israelashvili was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT SAMAN ARASHEBEN (A/K/A "SAMMY" ARASHEBEN)**

28. Defendant Saman Arasheben (a/k/a "Sammy" Arasheben) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

29. Defendant Saman Arasheben (a/k/a "Sammy" Arasheben) is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

30. Defendant Saman Arasheben (a/k/a "Sammy" Arasheben) possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the

5

Corporate Defendants.

31. Defendant Saman Arasheben (a/k/a "Sammy" Arasheben) determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

32. At all times relevant to this Complaint, Defendant Saman Arasheben (a/k/a "Sammy" Arasheben) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT MERHAM ARASHEBEN (A/K/A "MIKEY" ARASHEBEN)**

33. Defendant Merham Arasheben (a/k/a "Mikey" Arasheben) is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

34. Defendant Merham Arasheben (a/k/a "Mikey" Arasheben) is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

35. Defendant Merham Arasheben (a/k/a "Mikey" Arasheben) possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

36. Defendant Merham Arasheben (a/k/a "Mikey" Arasheben) determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

37. At all times relevant to this Complaint, Defendant Merham Arasheben (a/k/a "Mikey" Arasheben) was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

38. Defendants own, operate and/or control an automobile dealership, known as known as "Mike's Auto / King of Jamaica", located at 187-39 Jamaica Ave., Hollis, NY 11423.

39. The Individual Defendants possess operational control over the Corporate Defendants, possesses an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.

40. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

41. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

42. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

43. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

44. Upon information and belief, the Individual Defendants operate the Corporate Defendants as either an alter ego of themselves, and/or fails to operate the Corporate Defendants as entities legally separate and apart from themselves, by, among other things:

    a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

b. defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c. transferring assets and debts freely as between all Defendants;

d. operating the Corporate Defendants for their own benefit as the majority shareholders;

e. operating the Corporate Defendants for their own benefit and maintaining control over it as closed corporations or closely controlled entities;

f. intermingling assets and debts of their own with the Corporate Defendants;

g. diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

h. other actions evincing a failure to adhere to the corporate form.

45. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

46. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**FACTUAL ALLEGATIONS**

47. Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

48. Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

49. Plaintiff was an employee of Defendants.

50. Plaintiff worked as a salesperson, office worker, and general worker at Defendants' automobile dealership, known as known as "Mike's Auto / King of Jamaica", located at 187-39 Jamaica Ave., Hollis, NY 11423.

51. At Mike's Auto / King of Jamaica, Plaintiff regularly worked in excess of forty (40) hours per week.

52. From approximately October 2016 through and including January 2020, Plaintiff worked six (6) days per week: 9:30 a.m. to 9:00 p.m. or to as late as 11:00p.m., for a total of approximately eleven-and-a-half (11.5) to thirteen-and-a-half (13.5) hours each day, for a total period of approximately 69 to 81 hours during each of the weeks, respectively.

53. From approximately October 2016 through and including January 2020, Defendants paid Plaintiff a fixed salary of $50 per day, plus a commission of $100 for every car Plaintiff sold.

54. However, Plaintiff was required to pay $40 in "tip-outs" to Defendants' vacuum cleaners, and lot workers for every commission earned

55. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

56. Plaintiff's wages did not vary regardless of how many additional hours he worked in a week.

57. At all relevant times, Defendants did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten (10) hours.

58. Defendants never granted Plaintiff with meal breaks or rest periods of any length.

59. Plaintiff was not required to keep track of his time, nor to his knowledge, did the

Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

60. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

61. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

62. Defendants did not give any notice to Plaintiff, in English or in Plaintiff's primary language, of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

63. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

64. Plaintiff brings the First, Second, Third, Fourth and Fifth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to parking lot attendants) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

65. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

66. The First, Second, Third, Fourth and Fifth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

67. Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

68. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

69. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

70. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

71. Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

72. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

73. At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

74. Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

75. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

76. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

77. Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

78. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

79. Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

80. Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

81. Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their

unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

82. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

83. Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

84. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

85. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

86. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

87. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

88. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

89. Defendants willfully failed to pay Plaintiff additional compensation of one hour's

pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

90. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

91. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

92. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

93. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

94. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

95. Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action,

pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

96. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

97. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

98. As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## EIGHTH CLAIM
### (Unlawful Wage Deductions Under the NYLL)

99. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

100. Defendants have made unlawful deductions and required kickbacks from the Plaintiff's wages, including but not limited to, deductions for mandatory tip-outs to Defendants' vacuum cleaners, and lot workers.

101. The deductions made from Plaintiff's wages have not been authorized or required by law.

102. The deductions made from Plaintiff's wages have not been expressly authorized in writing by Plaintiff, and have not been for Plaintiff's benefit.

103. Through their knowing or intentional efforts to permit unauthorized deductions form Plaintiff's wages, Defendants have willfully violated the NYLL, Article 6 §§ 190 *et seq.* and the supporting regulations.

104. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h. declaring that Defendant violated the timely pay provisions of the NYLL;

i. awarding Plaintiff unpaid minimum wages;

j. awarding Plaintiff unpaid overtime wages;

k. awarding Plaintiff unpaid spread-of-hours pay;

l. awarding unpaid wages under New York State law for failure to pay timely wages;

m. awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

n. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

o. awarding Plaintiff pre- and post-judgment interest under the NYLL;

p. awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

q. Such other relief as this Court deems just and proper.

Dated: New York, New York
September 21, 2021

Respectfully submitted,

By: /s/ Joshua Levin-Epstein
Joshua Levin-Epstein
Jason Mizrahi
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*